ALEXANDER J. TAYLOR (State Bar #332334)
Attorney Email Address: ataylor@sulaimanlawgroup.com
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave., Ste. 250
Lombard, IL 60148
Telephone: (630) 575-8180
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(SACRAMENTO DIVISION)**

| | |
|---|---|
| DERRICK L. SIMS, JR., <br><br> Plaintiff, <br><br> v. <br><br> HILLCREST DAVIDSON & ASSOCIATES and EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATIONS OF THE FAIR CREDT REPORTING ACT, 15 U.S.C. §1681 ET SEQ.;** <br><br> **2. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;** <br><br> **3. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

**NOW COMES** DERRICK L. SIMS, JR. ("Plaintiff"), by and through his undersigned counsel, complaining of the Defendants, Hillcrest Davidson & Associates and Experian Information Solutions, Inc. (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788 *et seq.*

1

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391b(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial circuit.

**PARTIES**

5. Plaintiff is a natural person, over 18-years-of-age, that at all times relevant resided in this judicial district.

6. Defendant Hillcrest Davidson & Associates ("Hillcrest") is a debt collection firm that collects debts owed to third parties. Hillcrest maintains its principle place of business in Richardson, Texas.

7. Defendant Experian Information Solutions, Inc. ("Experian") is a prominent credit reporting agency. Experian maintains its principal place of business in Costa Mesa, California.

**FACUTAL BACKGROUND**

8. Plaintiff owns a duplex and rents one of the units to his father, Derrick L. Sims, Sr. ("Plaintiff's father").

9. At some point in time, Plaintiff was contacted by Titanium Alarm, LLC ("Titanium") regarding a past due debt allegedly owed by Plaintiff's father ("subject debt").

10. Plaintiff informed Titanium that he has never had an account with Titanium and that Titanium has reached a wrong party.

11. During this phone call, Titanium's representative "Kennedy" noted that Plaintiff's voice did not sound the same as the voice from previous collection calls but that Plaintiff has the same name and property address of the intended debtor.

12. In response, Plaintiff advised Titanium's representative that it was likely looking for his father and the call ended shortly thereafter.

13. In July 2020, Plaintiff was reviewing his Experian credit report in anticipation of purchasing a home and discovered that Hillcrest was reporting the subject debt as belonging to Plaintiff on Plaintiff's Experian credit report. Specifically, Hillcrest was reporting the subject debt as a "collection account" with (1) a balance of $4,068 and (2) a "derogatory" payment status.

14. On July 28, 2020, concerned that his Experian credit report was reporting a debt that did not belong to him, Plaintiff submitted an electronic dispute to Experian through Experian's website ("Plaintiff's dispute").

15. Upon information and belief, Experian sent Plaintiff's dispute to Hillcrest within five days of Experian's receipt of Plaintiff's dispute. *See* 15 U.S.C. §1681i(a)(2).

16. On August 14, 2020, Experian responded to Plaintiff's dispute. Experian's response indicated that Hillcrest "certified" to Experian that the subject debt belongs to Plaintiff. As a result, the subject continued to report on Plaintiff's Experian credit report.

**Collection Activity on the Subject Debt**

17. Upon information and belief, Titanium placed the subject debt with Hillcrest for collection.

18. In February 2021, Plaintiff received a collection letter from Hillcrest attempting to collect the subject debt.

19. Alarmed by the phone call, Plaintiff advised Hillcrest that the subject debt is not his and disputed any liability pertaining to the subject debt.

20. In response, Hillcrest's representative advised Plaintiff that it knew of several credit cards that Plaintiff had and stated "I don't care what you say, your life is ruined."

21. In response to the threat to ruin his life, Plaintiff again disputed ownership of the subject debt and requested that Hillcrest cease reporting the subject debt on his credit report.

22. Despite Plaintiff's dispute of the subject debt, Hillcrest continued to place harassing collection calls to Plaintiff in an attempt to collect the subject debt.

## DAMAGES

23. Plaintiff has always maintained excellent credit and Hillcrest's erroneous credit reporting has significantly damaged Plaintiff.

24. As stated above, Plaintiff was attempting to purchase a home and the erroneous reporting of the subject debt precluded Plaintiff from applying for a mortgage loan and obtaining the best available interest rates.

25. Defendants' reckless inaccurate reporting of the subject debt has frustrated Plaintiff's ability to control his credit score and ability to benefit from the credit history he has built over the years.

26. As a result of Defendants' conduct, Plaintiff has suffered various types of damages as set forth herein, including: the loss of credit opportunity, humiliation, loss of time disputing the inaccurate reporting, time expended monitoring his credit files, mental anguish, lack of sleep, and anxiety.

27. Defendants' erroneous credit reporting has significantly frustrated Plaintiff's ability to take advantage of historically low mortgage interest rates, which have increased considerably in the last six months. Accordingly, Defendants' conduct has caused and continues to cause Plaintiff irreparable harm.

28. Due to Defendants' inexplicable refusal to correct the reporting of the subject debt, Plaintiff was forced to file this case to compel Defendants to correct the reporting of the subject debt.

**COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. §1681)**
**(Against Hillcrest)**

29. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

31. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

32. Hillcrest is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

33. Plaintiff's Experian credit report is a "consumer report" as the term is defined by §1681a(d)(1).

34. Hillcrest violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation into Plaintiff's dispute to Experian.

35. Hillcrest violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information included in Plaintiff's dispute to Experian.

36. Had Hillcrest taken any meaningful steps to investigate Plaintiff's valid dispute, it would have determined that the subject debt does not belong to Plaintiff and that Hillcrest's credit reporting to Experian was inaccurate.

37. Hillcrest violated 15 U.S.C. §§1681s-2(b)(1)(C) and (D) by failing to report the results of its investigations to Experian, Equifax, and Trans Union after being put on notice and discovering that it was reporting inaccurate and misleading information regarding Plaintiff.

38. Hillcrest violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block its inaccurate credit reporting of the subject debt after receipt of Plaintiff's dispute.

39. Hillcrest violated 15 U.S.C. §1681s-2(a)(3) by failing to report the subject debt as disputed by Plaintiff to Experian.

40. Despite being on notice of its erroneous credit reporting of the subject debt, and Plaintiff's efforts to correct the errors, Hillcrest repeatedly refused to correct its erroneous credit reporting. Instead, Hillcrest repeatedly furnished and re-reported inaccurate and misleading information regarding Plaintiff to Experian.

41. Any reasonable investigation by Hillcrest would have confirmed the veracity of Plaintiff's dispute, yet Hillcrest's erroneous credit reporting of the subject debt persists in Plaintiff's Experian credit report.

42. Had Hillcrest taken any meaningful steps to investigate Plaintiff's valid dispute, it would have permanently corrected its erroneous credit reporting. Plaintiff repeatedly advised Hillcrest that the subject debt did not belong to him and Hillcrest repeatedly ignored Plaintiff's pleas and instead continued reporting adverse information regarding Plaintiff that it knew or should have known to be false.

43. By deviating from the standards established by the credit industry and the FCRA, Hillcrest acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

44. Hillcrest has exhibited a pattern of refusing to correct credit reporting errors despite being on notice that the its false credit reporting is wreaking havoc on consumers' credit scores, ultimately valuing its own bottom line above its grave responsibility to report accurate data to the credit reporting agencies.

45. As set forth above, Plaintiff was significantly harmed by Hillcrest's repeated inaccurate credit reporting of the subject debt.

**WHEREFORE**, Plaintiff prays for the following relief:

A. A finding that Hillcrest's conduct as set forth herein violates the FCRA;

B. An order compelling Hillcrest to cease reporting inaccurate information pertaining to the subject debt on Plaintiff's credit reports;

C. An award of compensatory damages to Plaintiff to be determined by the jury;

D. An award of statutory damages of $1,000.00 for each violation of the FCRA;

E. An award of punitive damages to be determined by the jury; and

F. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

**COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING AC (15 U.S.C §1681)**
**(Against Experian)**

46. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

47. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

48. The above-mentioned Experian credit report is a "consumer report" as that term is defined by §1681a(d).

49. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

50. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

51. The FCRA requires the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

52. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the disputed information within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

53. Plaintiff provided Experian with all relevant information and documentation in his dispute to support his contention that that the subject debt did not belong to him.

54. A cursory investigation into the merits of Plaintiff's dispute would have confirmed that the subject debt did not belong to Plaintiff.

55. Experian failed to conduct a meaningful investigation into Plaintiff's dispute. Instead, it continued to blindly report the false information provided to it by Hillcrest.

56. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished concerning Plaintiff.

57. Experian repeatedly distributed patently false and materially misleading consumer reports concerning Plaintiff to third parties.

58. Experian failed to follow reasonable procedures to assure maximum possible accuracy by effectively ignoring Plaintiff's dispute and blindly accepting erroneous information furnished to it by Hillcrest as accurate.

59. Had Experian followed reasonable procedures to assure maximum possibly accuracy, it would have reviewed the dispute and evidence submitted by Plaintiff and promptly discovered that the subject debt did not belong to Plaintiff. Instead, Experian repeatedly accepted erroneous information as true and continued the reporting of erroneous information pertaining to the subject debt.

60. Experian should have implemented procedures and safeguards to prevent the damaging reporting of debts that do not belong to consumers.

61. Experian violated 15 U.S.C. §1681i(a)(1) by failing to (1) conduct a reasonable investigation into Plaintiff's dispute and (2) delete the subject debt from Plaintiff's credit file.

62. Had Experian conducted a reasonable investigation into Plaintiff's valid dispute, it would have promptly determined that the subject debt did not belong to Plaintiff.

63. Experian took no meaningful action to verify Hillcrest's representation that the subject debt belonged to Plaintiff and instead blindly reported the subject debt as belonging to Plaintiff in reckless disregard of Plaintiff's rights.

64. At very minimum, Experian should have requested that Hillcrest provide proof that the subject debt belongs to Plaintiff. Instead, Experian continued to recklessly report false and unreliable information regarding the subject debt.

65. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to Hillcrest. Upon information and belief, Experian may have failed to forward all relevant information provided by Plaintiff to Hillcrest.

66. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt

67. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify its reporting of the subject debt after receipt of Plaintiff's dispute.

68. Experian violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject debt. Experian is required to notate each account that a consumer disputes as "disputed" in each consumer report that includes the disputed information.

69. Experian had actual knowledge that the erroneous reporting of the subject debt as belonging to Plaintiff would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

70. Despite having actual knowledge that Plaintiff's credit file contained erroneous information, Experian readily distributed Plaintiff's inaccurate and misleading credit report to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

71. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard of its duty to report accurate and complete consumer credit information.

72. It is Experian's regular business practice to blindly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

73. Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its mistreatment of Plaintiff.

74. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own convenience above its grave responsibility to report accurate consumer data.

75. As stated above, Plaintiff was significantly harmed by Experian's conduct.

**WHEREFORE**, Plaintiff prays for the following relief:

A. A finding that Experian's conduct as set forth herein violated the FCRA;

B. An Order enjoining Experian from reporting the subject debt in Plaintiff's Experian credit report;

C. An award of compensatory damages to Plaintiff to be determined by the jury;

D. An award of statutory damages of $1,000.00 for each violation of the FCRA;

E. An award of punitive damages to be determined by the jury; and

F. An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

G. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(15 U.S.C §1692)**
**(Against Hillcrest)**

76. Plaintiff restates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

77. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

78. Upon information and belief, the debt which Hillcrest was attempting to collect is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

79. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**a. Violations of FDCPA §1692d**

80. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

81. Section1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

82. Hillcrest violated §§1692d and d(5) when (1) it repeatedly called Plaintiff in an effort to collect a debt it knew did not belong to Plaintiff and (2) threatening to "ruin" Plaintiff's life if he did not pay the subject debt.

11

### b. Violations of FDCPA §1692f

83. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

84. Hillcrest violated §1692f by employing unfair and unconscionable means in its attempts to collect a debt not owed by Plaintiff. Specifically, Hillcrest's attempts to coerce Plaintiff into paying a debt it knew did not belong to him by reporting the same on his credit report is unfair and unconscionable by any objective standard.

### c. Violations of FDCPA §1692e

85. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

86. Hillcrest violated §1692e by falsely representing to Plaintiff that he owed the subject debt when Hillcrest had actual knowledge that the subject debt was not owed by Plaintiff.

87. Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

88. Hillcrest violated §1692e(8) by falsely reporting to Experian that the subject debt is owed by Plaintiff when it knew that subject debt did not belong to Plaintiff.

89. The continued reporting of the subject debt on Plaintiff's Experian credit report created a false impression that Plaintiff is liable for the subject debt.

90. As pled above, Plaintiff was significantly harmed by Hillcrest's abusive debt collection practices.

**WHEREFORE,** Plaintiff prays for the following relief:

A. A finding that Hillcrest's conduct violated the FDCPA;

B. An award of actual damages;

C. An award of statutory damages;

D. An award of Plaintiff's reasonable attorney's fees and costs;

E. An award of any other relief this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT (Cal. Civ. Code §1788)

91. Plaintiff restates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

92. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

93. As pled above, Hillcrest violated numerous sections of the FDCPA; therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE,** Plaintiff prays for the following relief:

A. A finding that Hillcrest's conduct violated the Rosenthal Fair Debt Collection Practices Act;

B. An award of actual damages;

C. An award of statutory damages;

D. An award of Plaintiff's reasonable attorney's fees and costs;

E. An award of any other relief this Honorable Court deems just and appropriate

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: April 28, 2021                                      Respectfully Submitted,

/s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone: (630) 575-8180
ataylor@sulaimanlaw.com