Alejandro E. Figueroa (Cal. Bar No. 332132)
alejandrof@sulaimanlaw.com
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. SIMS, JR., <br><br> Plaintiff, <br><br> v. <br><br> HILLCREST DAVIDSON & ASSOCIATES and EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | Case No.  2:21-cv-00765-KJM-JDP <br><br> **JOINT RULE 26(f) REPORT** <br><br> **SCHEDULING CONFERENCE** <br> **Date: September 2, 2021** <br> **Time: 2:30 p.m.** |

**(a)   a brief summary of the claims and legal theories under which recovery is sought or liability is denied;**

1. **Plaintiff:** Plaintiff provided Experian with all relevant information and documentation in his dispute to support his contention that the subject debt did not belong to him. A simple cursory investigation into the merits of Plaintiff's dispute would have confirmed that the subject did not belong to Plaintiff. Experian failed to conduct a meaningful investigation into Plaintiff's dispute. Instead, it continued to blindly report the false information provided to it by Hillcrest.  Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished concerning Plaintiff. Experian violated 15 U.S.C. §1681i(a)(1) by failing to (1) conduct a reasonable investigation into Plaintiff's dispute and (2) delete the subject debt from Plaintiff's credit file. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of

Plaintiff's dispute to Hillcrest. Upon information and belief, Experian may have failed to forward all relevant information provided by Plaintiff to Hillcrest. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify its reporting of the subject debt after receipt of Plaintiff's dispute. Experian violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject debt. Experian is required to notate each account that a consumer disputes as "disputed" in each consumer report that includes the disputed information.

**Defendant:**

Experian is a "consumer reporting agency" as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy.

Experian denies Plaintiff's claims. At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's consumer reports. Experian further conducted a reasonable reinvestigation into any information disputed by Plaintiff. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and did not act negligently. Accordingly,

Experian has no liability in this case under the FCRA, and denies all liability to Plaintiff for any alleged damages.

    **(b)**     **status of service upon all defendants and cross−defendants;**

Defendant, Experian Information Solutions, Inc. was served on May 9, 2021. Defendant Hillcrest Davidson & Associates was served on May 11, 2021 and a Notice of Settlement was filed on June 17, 2021 as to Hillcrest Davidson & Associates.

    **(c)**     **possible joinder of additional parties;**

The Parties do not anticipate the joinder of an additional party.

    **(d)**     **contemplated amendments to the pleadings, including to simplify or clarify the issues and eliminate previous claims and defenses;**

Plaintiff at this time does not anticipate the necessity to amend the complaints or pleadings, however would reserve the right to do so.

Experian at this time does not anticipate the necessity to amend the complaints or pleadings, however would reserve the right to do so.

    **(e)**     **the statutory bases for jurisdiction and venue;**

Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

    **(f)**     **anticipated discovery and the scheduling of discovery, including:**
        **(1)**     **what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made, and whether further discovery conferences should be held;**

The parties agree to initial Rule 26(a)(1) disclosures by September 9th, 2021.

        **(2)**     **the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases;**

**Plaintiff:** Discovery will focus on (1) the accuracy of information furnished by Defendant to Hillcrest Davidson & Associates to the credit reporting agencies regarding a debt that was not owed by Plaintiff; (2) Plaintiff's disputes of the furnished information; (3) Defendants' investigations into Plaintiff's disputes; and (4) Plaintiff's damages. Plaintiff does not request any changes to timing form or requirements for Rule 26(a) disclosures.

**Defendant:** Experian anticipates propounding written discovery and taking the oral depositions of, including but not limited to, Plaintiff, relevant third party witnesses and any

expert(s) disclosed.  Experian anticipates that it will seek discovery on the following subjects:  (1) dispute letters from Plaintiff to the consumer reporting agencies and Plaintiff's creditors; (2) documents related to the alleged inaccurate accounts; and (3) documents that reflect any credit denial Plaintiff has alleged to have suffered as a result of the facts alleged in this lawsuit.

**(3)     what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;**

**Plaintiff:** None.

**(4)     the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2); and**

**Plaintiff's:** February 7th, 2022
**Defendant:** March 1, 2022

**(5)     proposed dates for discovery cut−off.**

**June 30, 2022.**

**(g)     contemplated dispositive or other motions and a proposed date by which all non−discovery motions shall be heard;**

**Plaintiff:** Plaintiff does not anticipate any dispositive motions at this time.
**Defendant:** Experian anticipates that it may file dispositive motions, in whole or in part, depending on the information obtained in discovery.

**Proposed Date for dispositive motion date:** August 30, 2022.

**(h)     methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702;**

The Parties will meet and confer, should it become necessary, to ensure that all expert witnesses testimony is from an expert that has been approved and no objections by either party.

**(i)     a proposed date for final pretrial conference;**
November 2022

**(j)     a proposed date for trial, estimated number of days of trial, and whether any party has demanded a jury;**

December, 2022. Trial would last approximately 2 days. Plaintiff has a demand for a jury

4

trial.

**(k)    appropriateness of special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge pursuant to 28 U.S.C. 636(c);**

None.

**(l)    proposed modification of standard pretrial procedures because of the simplicity or complexity of the case;**

None.

**(m)    whether the case is related to any other case pending in this district, including the bankruptcy court of this district;**

None.

**(n)    optimal timing and method for settlement discussions, including whether a court−convened settlement conference should be scheduled, whether in the case of a jury trial the parties will stipulate to the trial judge acting as a settlement judge, and the parties' positions with respect to Voluntary Dispute Resolution (VDRP) as required by Local Rule 271(d); and**

Plaintiff and Defendant are engaged in settlement discussions at this time. Plaintiff and Defendant do not currently request a settlement conference or VDRP at this time. The Parties are confident a settlement can be reached within 90 days.

**(o)    any other matters that may be conducive to the just and expeditious disposition of the case.**

**None.**

DATED: August 17, 2021                                   Respectfully submitted,

DERRICK L. SIMS, JR.                                     EXPERIAN INFORMATION SOLUTIONS, INC.

*/s/ Alejandro E. Figueroa*
Alejandro E. Figueroa (Cal. Bar No. 332132)              By: */s/Pamela C. Acebo*
alejandrof@sulaimanlaw.com                               Pamela C. Acebo (State Bar No. 327471)
SULAIMAN LAW GROUP, LTD.                                 pacebo@jonesday.com
2500 South Highland Avenue, Suite 200                    JONES DAY
Lombard, IL 60148                                        555 California Street, 26th Floor
Telephone: (630) 575-8181                                San Francisco, CA 94104

1 | Facsimile: (630) 575-8188
  | *Attorney for Plaintiff*

  | Telephone: (415) 626-3939
  | Fascimile: (415) 875-5700
  | *Attorneys for Defendant,*
  | *Experian Information Solutions, Inc.*

6